Whyte, Judge.
I concur in the opinion just delivered:
but if such were not the law, the defendant must have judgment upon other grounds, The argument for the defendant in error, is, that the judgment rendered in the State of Missouri, set forth in the record of this cause, is a good and valid judgment,underthedth art. and 1st section of the constitution of the United States, which say.s, “full faith and credit shall be given in each State, to the public acts, recoads, and judicial proceedings of every other State; and the Congress may, by general laws,prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof;” and under the act of Congress, made pursuant to this provision in the Constitution, which says, “and the said records an.d judicial proceedings, authenticated as aforesaid, shall^have such faith and credit given to them, in every court within the United States, as they have by law or usage in the. courts of the State whence the said records are, or shall be taken.” And it is further insisted, that this judgment, being still subsisting -in the State of Missouri unrevers-ed, must have the same effect here, as in the state where rendered.
On the other side, it has been argued for the plaintiffs in error, that the attachment law of the State of Missouri, is in the nature of a summary proceeding, and ought to be construed as such. And if not a summary proceeding, strictly, within that class of proceedings so styled in the books, it is a special proceeding prescribed by statute, and depending upon the statute prescribing it, and to be construed in like manner as a summary proceeding.
*490 In England, the foreign attachment is not a part of the common law in its stricter and more usual signification; for, although the foreign attachment was in use there, at the time, and before our ancestors migrated from that country, and brought with them the common law as a rule of action; yet, the proceeding of foreign attachment formed no part of that common law, which was so brought and adopted by them. The common law properly so called, consists of those general customs which were the universal law of the whole kingdom, not of the customs of particular districts or places, as London, where there was a custom of foreign attachment; and so of Exeter, and perhaps of some other places.
These latter customs were local, peculiar to place, depending on residence, and not therefore transferred by emigration to America, having no necessary applicability to the new state of colonial settlement. The particular practice therefore, in the proceedings by the foreign attachment of London, which is the principal custom of the kind noticed in our books, cannot be recognized in these states, except so far as the general principles distinguishing it from common law proceedings, may apply. But the practice on foreign attachment here, must depend on the legislative acts of each state, which has introduced it into its code of laws.
I shall not at present, enter into or examine the general question which has been so ably discussed in the argument at the bar, to wit, whether a judgment obtained without personal service or notice, can have an ex-territorial operation; or, in other words, affect the person or property of the defendant in that judgment, residing beyond the limits of the state in which it was rendered, as that examination can only be strictly necessary where the judgment of the state sought to be enforced is a valid judgment in the state where it was rendered, which it appears to me is not the case here.
Having premised these few remarks, I will now proceed to notice in a short manner, the law of Missouri, and the proceedings under it, as far as respects thejudg *491 ment there rendered, and now sought to be enforced here by the suit before this court.
The attachment law of the State of Missouri, (see Geyer’s Digest of the laws of Missouri, page 67, sec. 1.) says: “the judges of the respective courts of common pleas (circuit courts) within this territory, shall, and are hereby empowered to grant writs of foreign attachment against the estate, real and personal, of any person who is indebted to another, and is not a resident, or residing within the territory; which attachment so granted, shall be duly served by the respective sheriffs upon the goods and chattels, lands and tenements of such person or persons against whom the same shall be awarded, in whose hands or possessions the same shall be found.” And the 3d section says; “the manner of executing such writ of attachment, shall be by the officer’s going to the house, or to the person in whose hands or possession the defendant’s goods or effects are supposed to be, and then and there declaring in the presence of one or more credible persons of the neighborhood, that he attached the same goods or other effects.”
This law of Missouri, sec. 1, creates and establishes the legal proceeding of foreign attachment, not before existing in that State; declares who shall grant the writ, in whose favor, against what person and things it shall be granted, and generally, how it shall be served by the respective sheriffs. Sec. 3, describes how that service is to be done, by a special execution of the writ, in pointing out the particulars to be done, and the form and manner of doing them. The sheriff’s return in this foreign attachment is as follows: “Pursuant to the directions of the within writ of attachment, I attached as the property of John Earthman, one kettle, two bells, and twenty-seven dollars in the hands of Aquilla Jones, the plaintiff in this case. John Earthman not found in my bailiwick. I could find no more property belonging to John Earth-man in Howard county, August 28th 1822, N. S. Burk-hart, Sheriff.” The writ in the record of the judgment follows the law, but its execution by the sheriff does not. *492 The deficiency is apparent, and palpably so. The law is not obeyed; its directions are not complied with, and its positive requirements but partially answered. There-£Urn musf; answer the command of the writ; and when the Legislature has prescribed a particular manner of service for a writ, that particular manner must be answered unto, by showing its performance, or a sufficient excuse for its non-performance. Here, the sheriff was commanded to execute this writ by doing two things; the one, to attach the goods or other effects of Earthman; the other, to declare in the presence of one or more credible persons of the neighborhood, that he attacheth the same goods or other effects: this latter part is not annexed. The return is silent as to it, and no excuse is offered. Therefore, so far as regards this requirement of the statute, to wit, of declaring in the presence of one or more credible persons of the neighborhood, that he attacheth the same goods or other effects, there is no return.
Such a return as this would not have been good at common law. Thus, where to a scire facias against an heir and tertenant, there is no return as to the heir, the court say, there is no return quoad the heir, so as to him it is quasi breve album, and no return, and is not aided by any of the statutes. (6 Com. Dig. Return E. 3; Cro. Car. 295. So, if upon a petit cape, where the count was for a house and stable, the return is, cepi the said house, and says nothing as to the stable. (Com. Dig. ibid. If this return would not have been good at common law, as we have seen it is not, shall a statute be taken less strictly which dispenses with the common law rule, and substitutes the service prescribed by it in its place? Certainly not either upon principle or authority. By the common law’, no man’s property could be condemned, nor even any fact tried against him, until it had compelled his appearance. This statute of Missouri, in dispensing with the rule of the common law, says it will act upon Earthmfm’s goods or other effects by attaching them by the sheriff, and his declaring in the presence of one or more credi *493 ble persons, that he attaches the same goods or other ef-foots. Both these particulars are required to constitute a service or notice, so as to authorize the court to proceed against the property, judicially; one of them does not give the authority or jurisdiction; for one of them is not the substitute of the common law as prescribed by the statute, but both constitute that substitute, and as such, both must be presented to the court as their warrant to preside in the plea or suit.
Upon authority also, this return of the sheriff of Howard county could not give the court jurisdiction; for where a statute prescribes a new proceeding, either unknown to the common law, or contrary to the course of the common law, it must be strictly pursued, because the will of the Legislature is so expressed, and it is not the province of the court to vary from it. See the case of Roberts vs. Busby and wife, and several other cases in this court, cited at the bar, fully establishing the principle.
But it is said by the defendant’s counsel, that the court of Missouri by rendering the judgment in this record, has decided upon its own jurisdiction; that the judgment is good and valid in the State of Missouri; that by the constitution of the United States and the act of Congress, it is also good anduvalid here, and must be so held by i his court. This argument of the defendant’s counsel is not well founded: To prove which I shall cite an extract from the opinion of the supreme court of the United States, in the case of Rose vs. Himley, delivered by Chief Justice Marshall. (4 Cranch 268. “The court pronouncing the sentence, of necessity decided in favor of its own jurisdiction; and if the decision were erroneous, that error it is said, ought to be corrected by the superior tribunals of its own country, not by those of a foreign oountry. This proposition certainly cannot be admitted in its full extent. A sentence, professing on its face to be the sentence of a judicial tribunal, if rendered by a self constituted body, or by a body not empowered by its goyernment to take cognizance'of the subject, could have no legal effect whatever. The power of the court, then is *494 of necessity, examinable to a certain extent, by that tri bunal which is compelled to decide whether its sentence has changed the right of property. The power under which it acts must be looked into, and its authority to decide questions which it professes to decide, must be considered. Upon principle, then it would seem, that to a certain extent, the capacity of the court to act upon the thing condemned, arising from its being without, or within their jurisdiction, as well as the constitution of the court, may be considered by that tribunal which is to decide the effect of the sentence.”
My opinion therefore is, that the judgment in the State of Missouri, in the record set forth, upon which the present suit is founded, is not a good and valid judgment in that State, but a void judgment, the court there having no authority to render it; and although existing in form in the records of that State, it is powerless, and must yield to opposition, when and wherever applied.